UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

|   |   |
|---|---|
| Olivia Karpinski,<br>Paul Edalat,<br><br>Plaintiffs,<br><br>v.<br><br>Union Leader Corporation,<br>Patricia J. Grossmith,<br>Trent Spiner,<br><br>Defendants, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) Civil Action No.: 1:18-cv-01214-PB<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**REPLY OF UNION LEADER CORPORATION,
PATRICIA J. GROSSMITH, AND TRENT SPINER TO PLAINTIFFS'
OBJECTION TO THE MOTION TO DISMISS COMPLAINT**

In accordance with the relevant provisions of Local Rule 7.1(e)(1) the defendants Union Leader Corporation, Patricia J. Grossmith, and Trent Spiner, by and through counsel, submit this Reply to the Plaintiffs' Objection to the Motion to Dismiss Complaint.  In New Hampshire,

> [f]or the fair report privilege to apply, the article must be an accurate and complete or fair abridgment of the official action or proceeding. The inquiry does not focus upon the truth about the events that either underlie or are the subject of the official action or proceeding.  In other words 'accuracy for fair report purposes refers only to the factual correctness of the events reported and not to the truth about the events that actually transpired.'

Thomas v. Tel. Publ'g Co., 155 N.H. 314, 327 (2007)(internal citations and quotations omitted).  The article written by the defendant, Patricia J. Grossmith, (hereinafter "Grossmith"), and published by the Union Leader Corporation, (hereinafter "Union Leader"), on June 4, 2017, was a fair and accurate account of the proceedings in the underlying civil action entitled Bruce Cahill et al v. Paul Pejman Edalat et al, Civil Action No. SACV16-0686-AG.  Furthermore, the plaintiffs have failed to allege sufficient facts in their Complaint to show common law malice and defeat the protection of the fair report privilege.  Consequently, the article was subject to the protections of the fair report privilege.  The arguments set forth in the plaintiffs' Objection to the Motion to Dismiss Complaint are without merit and therefore the plaintiffs' Complaint should be dismissed in its entirety.

The fair report privilege explained in the Restatement (Second) of Torts §611 (1977) is explicitly recognized in New Hampshire as a valid privilege to the claim of defamation.  Hayes v. Newspapers of New Hampshire, 141 N.H. 464, 466 (1996).  The Restatement (Second) of Torts §611 (1977) states that:

> The publication of defamatory matter concerning another in a report of an official action or proceeding or of a meeting open to the public that deals with a matter of public concern is privileged if the report is accurate and complete or a fair abridgment of the occurrence reported.

The plaintiffs' argument that the fair report privilege does not apply in this case because the article did not report on an official action of a judicial proceeding is without merit.  Furthermore, the plaintiffs' argument that the fair report privilege does not apply in this case because the article is not complete and accurate or a fair abridgement of the proceedings is without merit.

Despite the plaintiffs' unfounded assertions the June 4, 2017, article was not a "hit piece" "aimed to smear" the plaintiffs.  The June 4, 2017, article was a fair and accurate account of the proceedings in the underlying civil action commenced in California against the plaintiffs.  Comment *f* of the Restatement (Second) of Torts §611 states as follows:

> The rule stated in this Section requires the report to be accurate.  ***It is not necessary that it be exact in every immaterial detail*** or that it conform to that precision demanded in technical or scientific reporting.  ***It is enough that it conveys to the persons who read it a substantially correct account of the proceedings.***
>
> Not only must the report be accurate, but it must be fair.  Even a report that is accurate so far as it goes may be so edited and deleted as to misrepresent the proceeding and be misleading.  ***Thus, although it is unnecessary that the report be exhaustive and complete, it is necessary that nothing be omitted or misplaced in such a manner as to convey an erroneous impression to those who hear or read it***, as for example a report of the discreditable testimony in a judicial proceeding and a failure to publish the exculpatory evidence, or the use of a defamatory headline in a newspaper report, qualification of which is found only in the text of the article.  The reporter is not privileged under this Section to make additions of his own that would convey a defamatory impression, nor to impute corrupt motives to any one, nor to indict

> expressly or by innuendo the veracity or integrity of
> any of the parties.
>
> It is not always necessary that the entire proceedings
> be reported at one time.  However, when a newspaper
> publishes from day to day the report of a judicial
> proceeding, it may not, after reporting derogatory
> parts, fail to publish the further proceedings that tend
> to vindicate the person defamed.  The fact that the
> report of one side of a trial is not as complete as that of
> the other side is a factor to be considered in
> determining whether the report, as a whole, is fair.

(emphasis added).  The article is not a one sided and misleading account of the proceedings in the California suit.  The plaintiffs wholly ignore the undisputed fact that the article states that "Attorney Saied Kashani of Los Angeles represents both Karpinski and Edalat.  He said they will prove at trial, which is slated to begin July 25, that there is no merit to the lawsuit and that Karpinski, who he describes as junior employee, 'was unfairly dragged' into it."  The plaintiffs also wholly ignore the undisputed fact that the article also states that "Kashani said his clients deny the allegations and said the lawsuit was preemptive strike against Karpinski, who was preparing her own lawsuit against Cahill for wrongful termination."  In sum, the article is an accurate and fair and balanced rendition of the proceedings in the underlying civil action in California and therefore subject to the protection of the fair report privilege.

The plaintiffs' reliance on comment *e* of the Restatement (Second) of Torts §611 is incomplete and misguided.  Comment *e* of the Restatement (Second) of Torts §611 states as follows:

4

> A report of a judicial proceeding implies that *some official action has been taken* by the officer or body whose proceedings are thus reported.  The publication, therefore, of *the contents of the preliminary pleadings such as a complaint or petition, before any judicial action has been take is not within the rule* stated in this section.  An important reason for this position has been to prevent implementation of a scheme to file a complaint for the purpose of establishing a privilege to publicize its content and then dropping the action (See Comment c).  *It is not necessary, however, that a final disposition be made of the matter in question; it is enough that some judicial action has been taken so that, in the normal progress of the proceeding, a final decision will be rendered.*  So too, the fact that the proceedings are ex parte rather than inter partes is immaterial if the matter has come officially before the tribunal and action has been taken in reference to it.

This is simply not a case in which the Union Leader published allegations in preliminary pleadings without any official action.  In fact between April 12, 2016, when the Complaint was filed and June 4, 2017 when the article was published, 238 entries were made on the docket in the underlying California case, including the Memorandum in Support of Motion to Restrain Unlawful Conduct by Defendants and the Court's Order referenced in the defendants' Motion to Dismiss.  *See* Exhibit 1 of the Plaintiffs' Objection to the Motion to Dismiss.  At the time of the publication of the June 4, 2017 article, the California court had taken judicial action as it pertained to the statement that "under oath she [Karpinski] later admitted the allegations were baseless, according to Court records."  Therefore, the fair report privilege as articulated in Comment *e* of the

Restatement (Second) of Torts §611 attaches to the article even though a final decision on the merits was not rendered.

Finally, the Complaint is devoid of any factual allegations that would support a plausible inference of common law malice on the part of the defendants to defeat the fair report privilege. In New Hampshire,

> 'to defeat the fair report privilege, a plaintiff must either show that the publisher does not give a fair and accurate report of the official statement, *or malice*.' Taken together, these two statements indicate that actual malice cannot defeat the fair report privilege, but common law malice can.

Thomas v. Tel. Publ'g Co., 155 N.H. 314, 329 (2007)(quoting Yohe v. Nugent, 321 F.3d 35, 44 (1st Cir. 2003). In New Hampshire,

> Actual malice is knowledge or reckless disregard of falsity. Common law malice, on the other hand, is ill will or intent to harm. As one court explained, actual malice is concerned with the publisher's attitude toward the truth while common law malice is concerned with its attitude toward the plaintiff.

Thomas v. Tel. Publ'g Co., 155 N.H. 314, 328 (2007)(internal citations and quotations omitted). The Complaint is devoid of any facts, short of conclusory statements, to support a plausible inference that Union Leader published the article with the "ill will or intent to harm" either of the plaintiffs. The plaintiffs cannot defeat the fair report privilege by asserting malice on the part of Denterlein and imputing that malice to Union Leader by conclusory assertion. *See* Thomas v. Tel. Publ'g Co., 155 N.H. 314, 330 (2007). It is axiomatic that conclusory statements are not sufficient to withstand a motion to dismiss. Therefore, the plaintiffs'

6

claims for false light invasion of privacy, defamation and all of their other claims that are derivative of such causes of action must be dismissed.

| | |
|---|---|
| Dated: March 19, 2019 | Respectfully submitted,<br>Union Leader Corporation,<br>Patricia J. Grossmith, and<br>Trent Spiner,<br>by their attorney,<br><br>/s/Gregory V. Sullivan<br>Gregory V. Sullivan<br>NH BAR# 2471<br>Malloy & Sullivan,<br>Lawyers Professional Corporation<br>59 Water Street<br>Hingham, MA 02043<br>781-749-4141<br>g.sullivan@mslpc.net |

## Certificate of Service

I, Gregory V. Sullivan, hereby certify that the foregoing Reply was served upon the following persons on March 19, 2019, in the manner specified herein:

Electronically Served Through ECF: Matthew R. Johnson, Esq.
Joshua M. Wyatt, Esq.
Devine Millimet & Branch PA
111 Amherst Street
Manchester, NH 03104
mjohnson@devinemillimet.com
jwyatt@devinemiilimet.com

/s/Gregory V. Sullivan
Gregory V. Sullivan
NH BAR# 2471
Malloy & Sullivan,
Lawyers Professional Corporation
59 Water Street
Hingham, MA 02043
781-749-4141
g.sullivan@mslpc.net